**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

AURORA LOAN SERVICES, LLC,

      Plaintiff,

      v.

RACHEL L. JOHNSON and CARRIE D. TEAGER,

      Defendants.

Case No. 20-2052-JAR-TJJ

## MEMORANDUM AND ORDER

Defendant Rachel L. Johnson filed a Notice of Removal to the United States District Court for the District of Kansas on February 5, 2020.[1] The Notice of Removal cites 28 U.S.C. § 1332 as a basis for jurisdiction—diversity of citizenship between the parties and an amount in controversy that exceeds $75,000. Co-defendant Carrie D. Teager consented to removal.[2] Before the Court is Plaintiff Nationstar Mortgage LLC, as successor in interest to Aurora Loan Services, LLC's ("Nationstar")[4] Motion to Remand (Doc. 8), seeking remand under 28 U.S.C. §§ 1441(a) and 1446(b), and fees and costs under 28 U.S.C. § 1447(c). The motion is fully briefed and the Court is prepared to rule. As described more fully below, the Court grants Plaintiff's motion to remand and awards attorneys' fees and costs to Defendants.

**I.    Background**

This residential foreclosure action was originally filed in DuPage County, Illinois on March 8, 2011. Under Illinois Mortgage Foreclosure Law, Plaintiff sought to obtain Defendants'

---

[1] Doc. 1.

[2] Doc. 1-1.

[4] Nationstar Mortgage, LLC was substituted as Plaintiff's successor in interest on January 10, 2013. *See* Doc. 8-1.

property and secure a $788,000 mortgage. On February 5, 2020, *pro se* Defendant Rachel L. Johnson filed a Notice of Removal to this Court. Defendant cites 28 U.S.C. § 1332(a) as a basis for jurisdiction, alleging complete diversity of citizenship between herself and Plaintiff. Defendant also alleges that the amount in controversy exceeds $75,000, as the mortgage is valued at $788,000.

On May 18, 2020, Magistrate Teresa J. Judge James ordered that Defendants show cause why this action should not be dismissed for lack of subject matter jurisdiction. Judge James stated that Defendants had failed to allege each party's state of citizenship. Although on her Civil Cover Sheet Defendant marked that she is a citizen of "another state" and that Plaintiff is incorporated or has its principal place of business "in this state," this was insufficient to plead complete diversity of citizenship.

Judge James also directed Defendant to show cause why venue is proper in this court, citing 28 U.S.C. § 1391. Judge James explained that Defendant failed to allege Defendants' residences, the events giving rise to the action appear to have occurred in Illinois, and Defendant otherwise failed to allege a connection to Kansas.

On May 29, 2020, Plaintiff moved for remand. In the motion, Plaintiff documented that this is Defendants' fourth attempt at removal, and argued that these were efforts aimed at delaying the judicial process. Plaintiff argued: (1) the court lacks subject matter jurisdiction of this already-concluded Illinois foreclosure; (2) the removal is defective on its face; (3) the right to remove was waived; and (4) it is entitled to recover fees and costs under 28 U.S.C. § 1447(c).

Defendant responded to Judge James' Order to Show Cause on May 29, 2020, the same day Plaintiff filed its motion to remand. In her response, Defendant stated that Nationstar and Wells Fargo Bank—the purported holder of the Subject Note—"[have] multiple business

locations throughout the state of Kansas,"[8] establishing complete diversity of citizenship under 28 U.S.C. § 1332(a).

## II.     Legal Standard

Federal district courts are required to remand a case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[9]  To avoid remand, the removing party must establish federal jurisdiction by a preponderance of the evidence.[10] Because federal courts are courts of limited jurisdiction, courts strictly construe federal removal statutes with a presumption against federal jurisdiction.[11]  Courts must follow the inflexible and without exception presumption against federal jurisdiction by denying jurisdiction in all cases where federal jurisdiction does not affirmatively appear in the record.[12]  Moreover, courts must resolve doubtful cases in favor of remand.[13]

Additionally, because Defendant is a *pro se* litigant, the Court must construe her pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[14] A *pro se* litigant is not excused from complying with the rules of the Court, and is subject to the consequences of noncompliance.[15]

---

[8] Doc. 9.

[9] 28 U.S.C. § 1447(c).

[10] *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013).

[11] *See Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 54 F. Supp. 2d 1043, 1047 (D. Kan. 1999) (citations omitted).

[12] *See Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 702 (1982).

[13] *Baby C v. Price*, 138 F. App'x 81, 83 (10th Cir. 2005).

[14] *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[15] *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

## III. Discussion

### A. Subject Matter Jurisdiction

#### 1. Diversity Jurisdiction

The Court first considers whether it has subject matter jurisdiction over this matter. Federal courts are courts of limited jurisdiction, and as such, they must have a statutory or constitutional basis to exercise jurisdiction over any controversy.[16] Defendant asserts federal jurisdiction based on diversity, which requires a showing of complete diversity of citizenship between the parties and an amount in controversy that exceeds $75,000.[17] Remand is generally improper if the defendant appropriately removed a case to federal court that the plaintiff could have originally filed in federal court.[18] Removal jurisdiction over diversity cases is more limited than jurisdiction over diversity cases originally brought in federal court because removal based on diversity is available only if none of the defendants is a citizen of the state in which the action is brought.[19]

The Court agrees with Judge James that Defendant failed to sufficiently allege diversity of citizenship between the parties, and Defendant's response to Judge James' Order to Show Cause fails to cure this deficiency. The party seeking to invoke federal subject matter jurisdiction has the burden to establish that jurisdiction is proper,[20] and mere conclusory allegations of jurisdiction are not enough.[21] A party is only a citizen for diversity purposes in the

---

[16] *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015).

[17] *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013).

[18] 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

[19] *Id.* § 1441(b).

[20] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

[21] *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).

state where he or she is domiciled.[22]  Moreover, an individual can have only one domicile.[23]  Here, there has been no clear indication of Defendants' states of citizenship.

Courts determine a limited liability company's citizenship for jurisdictional purposes by the citizenship of its members.[24]  An LLC's principal place of business is not determinative of citizenship.[25]  In contrast, under 28 U.S.C. § 1332(c), a corporation is citizen of the state of its incorporation and of the state where it has its principal place of business.  Defendant argues that Plaintiff has "multiple business locations throughout the state of Kansas."[26]  However, this statement does not demonstrate Nationstar's citizenship for purposes of determining diversity jurisdiction.  As such, Defendant has failed to meet her burden of establishing complete diversity of citizenship and therefore the Court lacks subject matter jurisdiction.

### 2. Lack of Case or Controversy

Plaintiff has also demonstrated that the Court lacks subject matter jurisdiction because there is no live case or controversy to be litigated.  Plaintiff filed this state foreclosure action on March 8, 2011.  A judgment of foreclosure was entered on May 12, 2015 and a final judgment was entered approving sale on May 7, 2018.  Defendants appealed, and the appellate court entered an order affirming the trial court's judgment on December 5, 2019.

The record demonstrates that this foreclosure case has been litigated to completion in state court and Defendants actively engaged in the proceedings.  Therefore, the Court concludes

---

[22] *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983).

[23] *Cressler v. Neuenschwander*, 930 F. Supp. 1458, 1462 (D. Kan. 1996).

[24] *Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015) ("[A]n LLC, as an unincorporated association, takes the citizenship of all its members.").

[25] *Birdsong v. Westglen Endoscopy Ctr., L.L.C.*, 176 F. Supp. 2d 1245, 1248 (D. Kan. 2001).

[26] Doc. 9.

that there is no live case or controversy to litigate, and subject matter jurisdiction over this matter is lacking.[29]

### 3. Timeliness of Motion to Remand

The Court next considers Defendant's argument that Plaintiff's motion to remand was untimely under 28 U.S.C. § 1447(c), which provides that: "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." While it is true that a motion to remand the case based on a defect must be made within 30 days after the filing of the notice of removal, there is an express exception within the language of the statute. A motion to remand based on a lack of subject matter jurisdiction is not subject to the 30-day time frame. Here, Plaintiff's motion to remand argued that this Court does not have subject matter jurisdiction over this fully-litigated state foreclosure case. Therefore, the motion was timely.

Because the Court lacks subject matter jurisdiction, it need not address the procedural defects raised in the motion to remand.

### B. Request for Attorneys' Fees and Costs

Lastly, the Court considers Plaintiff's request for attorney's fees and costs. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." As the Supreme Court has explained,

> [a]bsent unusual circumstances, courts may award attorney's fees under 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable exists, fees should be denied. In applying this rule, district courts retain discretion to consider whether

---

[29] *See, e.g.*, *In re BCD Corp.*, 119 F.3d 852, 856 (10th Cir. 1997). The Court also notes that venue clearly does not lie in Kansas under the plain terms of 28 U.S.C. § 1446(a), which requires a removed action be filed "in the district court of the United States for the district and division within which such action is pending."

6

>unusual circumstances warrant a departure from the rule in a given case.[30]

The Court has reviewed the record, including Defendants' previous unsuccessful attempts at removal and concludes that Defendant lacked an objectively reasonable basis for seeking removal.  Defendants' three prior removal attempts resulted in two remands, one of which was accompanied by a sanction order.  Defendants were warned in those orders that removal was untimely; the sanction order made clear to Defendants that removal was several years untimely.[31]  The third removal attempt, also filed in a federal court outside of Illinois, was stricken from the docket due to lack of a pending action.  Therefore, Defendants were on notice that removal was improper for lack of a live case or controversy and that it is untimely.  The Court agrees with Nationstar that Defendant's behavior demonstrates an attempt at delaying the eviction process on a fully-litigated state foreclosure case.  Accordingly, this situation warrants a departure from the general rule, and the Court grants Plaintiff's request for attorneys' fees and costs.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Remand (Doc. 8) is **granted**.  The Clerk shall remand this case to the Eighteenth Judicial Circuit of DuPage County, Illinois

**IT IS FURTHER ORDERED** that Plaintiff's request for reasonable attorneys' fees and costs under 28 U.S.C. § 1447(c) is **granted**.  Plaintiff shall submit an application for reasonable fees and costs by July 14, 2020.

**IT IS SO ORDERED.**

Dated: July 7, 2020

---

[30] *Wolf Creek Nuclear Operating Corp. v. Framatome ANP, Inc.*, 416 F. Supp. 2d 1081, 1089 (D. Kan. 2006) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)).

[31] *See* Docs. 8-8, 8-11.

<u>S/ Julie A. Robinson</u>  
JULIE A. ROBINSON  
CHIEF UNITED STATES DISTRICT JUDGE